UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

COASTLINE CONSTRUCTION,

               Debtor.
-----------------------------------------------------------x
ALLAN B. MENDELSOHN as Trustee of the
Estate of Coastline Construction,

               Plaintiff,

   -against-

PETER DISARIO and RPM PAINTING,

              Defendants.
-----------------------------------------------------------x

Case No.: 11-70191-dte

Chapter 7

Adv. Pro. No.: 11-9311-dte

## MEMORANDUM DECISION & ORDER

*Appearances:*

The Law Offices of Avrum J. Rosen, PLLC
*Attorneys for Plaintiff*
By: Fred S. Kantrow, Esq.
38 New Street
Huntington, NY 11743

Peter DiSario
*Pro Se Attorney for Defendants*
40 Bay Avenue
East Moriches, NY 11940

Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

Before this Court is an adversary proceeding commenced by Allan B. Mendelsohn (the "Trustee" or "Plaintiff"), the trustee for the Bankruptcy Estate of Coastline Construction, Inc. (the "Debtor"). Trustee's Complaint was commenced under 11 U.S.C. §§ 547 and 548 against Peter DiSario and RPM Painting (the "Defendants") seeking the avoidance, and turnover, of a prepetition transfer of $10,000.00 that was paid by Debtor to Defendants in settlement of state court litigation between the parties.

This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper pursuant to 28 U.S.C. § 1409(a). This matter is a core proceeding under 28 U.S.C. §§ 157(a), (b)(1), (b)(2)(A), (F) and (b)(2)(O), and 11 U.S.C. §§ 547, 548 and 550. The following constitutes this Court's finding of fact and conclusions of law as mandated by Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND:

On January 19, 2011, Coastline Construction, Inc. ("Debtor") filed for chapter 7 bankruptcy protection. Debtor was operated by its principal, Stephen E. Breitenbach, Jr. ("Breitenbach"), and prior to entering into bankruptcy the Debtor's business was construction of residential property. Peter DiSario ("DiSario") d/b/a RPM Painting also worked in the construction business. In 2007 Mr. DiSario and his company were contracted to provide work on an extension of a home located in East Hampton, New York. However, by July of 2007 the homeowner grew dissatisfied with Defendants' work and terminated them. The homeowner then hired the Debtor to complete the work.

After beginning work on the residence, Debtor's principal, Breitenbach, wrote an e-mail to the homeowner, at the homeowner's request, detailing perceived deficiencies in Defendants' work on the residence prior to Defendants' termination from the job. Subsequent to that e-mail, a

2

letter was sent from Breitenbach to the homeowner, again at the homeowner's request, describing the work performed by Defendants. The homeowner used both the e-mail and the letter as exhibits to a complaint that the homeowner filed against Defendants with the town of East Hampton in 2008.

In April 2009, subsequent to learning about Breitenbach's written statements, DiSario, representing himself pro-se, commenced litigation in the Supreme Court of the State of New York, County of Suffolk against both Breitenbach and the Debtor. DiSario's complaint sought approximately $740,000.00 in both compensatory and punitive damages, and alleged that Breitenbach's letter and e-mail injured DisSario's reputation and RPM Painting's business ("DiSario's Complaint"). Prior to a trial on the merits, Debtor, Breitenbach, and DiSario d/b/a RPM Painting entered into a stipulation of settlement of the matter. Breitenbach and Debtor were represented by counsel and DiSario was not. Under the terms of the settlement, Debtor and Breitenbach would pay DiSario $10,000.00 in exchange for DiSario releasing them from the state court lawsuit and forbearing on proceeding with the litigation.

In order to pay the settlement amount Breitenbach initially wrote a $10,000.00 check from Debtor's bank account to his attorney, Stephen Kiely, Esq. ("Kiely"). Kiely then wrote a check to Defendants, but due to there being insufficient funds in Debtor's account, both checks bounced. Thereafter, Breitenbach wired $11,610.00 from Debtor's account to Kiely, after which Kieley deposited $10,015.00 of those funds into Defendants' bank account. There was no evidence at trial to explain why Debtor's wire transfer to Kiely exceeded the $10,000.00 settlement amount with DiSario, but Breitenbach testified that the additional funds may have represented Kiely's attorney's fees. (Transcript at pg. 59). Furthermore, there was no testimony explaining the additional $15.00 paid to Defendants by Kiely.

3

A little over a month after the settlement amount was paid, Debtor filed chapter 7 and Plaintiff was appointed as case trustee. On August 22, 2011, Plaintiff commenced the instant adversary proceeding against Defendants seeking recovery of the $10,000.00 payment under 11 U.S.C. §§ 547 and 548 of the Bankruptcy Code ("Code") on the grounds that Debtor did not receive any consideration for the transfer. The trial was held on February 13, 2012, and at the trial Trustee's counsel orally informed this Court that "[the] trial is narrowed only to the issue of whether or not Mr. DiSario received a fraudulent conveyance that's recoverable by the trustee for the benefit of the estate … [Trustee and his counsel] determined that there was no cause of action for recovery of a preference. So [the trial] is limited only to the recovery of a fraudulent conveyance." (Transcript at pg. 6). Therefore, Trustee orally withdrew his 11 U.S.C. § 547 cause of action. The focus of the instant decision is the issue of whether Trustee is entitled to avoid the $10,000.00 transfer as a fraudulent conveyance pursuant to 11 U.S.C. § 548 and recover the funds for the benefit of the estate pursuant to 11 U.S.C. § 550.

## DISCUSSION:

Trustee's Complaint does not specify which prong of 11 U.S.C. § 548 Trustee seeks to recover under. Section 548(a)(1) provides, in relevant part, that a trustee can avoid a debtor's transfer of property made within two years of the bankruptcy filing if the debtor:

> (A) made such transfer … with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made …; or
>
> (B) (i) received less than a reasonably equivalent value in exchange for such transfer…; and
>     (ii) (I) was insolvent on the date that such transfer was made … or became insolvent as a result of such transfer …;
>         (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

>       (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
>       (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

11 U.S.C. § 548 (2012). Trustee's Complaint raises the following specific allegations in regards to his section 548 cause of action:

> 27. Upon information and belief, the Debtor received no consideration for the transfer to the Defendants.
> 28. Upon information and belief, the Debtor was insolvent or was rendered insolvent as a result of the transfer to the Defendants.
> 29. Upon information and belief, the transfer was with actual intent to hinder, delay or defraud the Debtor's creditors.
> 30. Upon information and belief, the transfer was for the benefit of an insider of the Debtor.

(Trustee's Complaint pg. 6-7).

Trustee's allegation #29 appears to be a reference to section 548(a)(1)(A) as it alleges that the $10,000.00 transfer to Defendants was made with "actual intent to hinder, delay or defraud the Debtor's creditors." However, there was no testimony or evidence submitted at trial that Debtor made the $10,000.00 transfer to Defendants with any such intent. It is undisputed, and the trial record reflects, that the transfer was done for the purpose of settling the state court litigation between Defendants, Debtor and Debtor's principal, Breitenbach. There was no testimony or evidence that supports a finding that the transfer was done with "actual intent to hinder, delay, or defraud" Debtor's creditors as required by the Code. Therefore, Trustee cannot prevail on a section 548(a)(1)(A) cause of action.

The Trustee raised the allegation that the Defendants were insiders. It is clear from the record that Defendants were not insiders of the Debtor, but rather were adversarial parties in state court litigation. This leaves the Trustee with section 548(a)(1)(B) as his means for avoiding the $10,000.00 transfer from Debtor to Defendants. In order for Trustee to prevail under section

548(a)(1)(B) Trustee must establish that Debtor received "less than a reasonably equivalent value in exchange" for the transfer to Defendants. "[T]he question of reasonably equivalent value is determined by the value of the consideration exchanged between the parties at the time of the conveyance or incurrence of debt which is challenged." *In re NextWave Personal Commc'ns, Inc*., 200 F.3d 43, 56 (2d Cir. 1999) (citation omitted); *see Liquidation Trust v. Daimler AG (In re Old CarCo LLC)*, 2011 U.S. Dist. LEXIS 134539 (S.D.N.Y. Nov. 22, 2011).

The $10,000.00 transfer from Debtor to Defendants represented the parties' agreed upon settlement of Defendants' state court action in which Defendants had sued the Debtor and Breitenbach for approximately $740,000.00 in alleged damages. In exchange for the payment of $10,000.00, Debtor and Breitenbach received a release from the lawsuit. At trial, Trustee's counsel argued that Debtor did not receive consideration for the transfer because: (1) the state court complaint was meritless against Debtor, and had the case been litigated, Debtor would not have been found liable for damages; and (2) Debtor did not receive anything for the transfer.

At trial Trustee's counsel questioned DiSario at length on whether he was aware that a corporation cannot be sued for libel, and therefore knew that Debtor was not a proper party to the lawsuit. (Transcript at pg. 58-60). Trustee's counsel argued that the only proper party to the lawsuit was Breitenbach. Therefore, if the lawsuit was improper against Debtor, then Debtor could not have received "reasonably equivalent value" for the transfer since, as a matter of law, Debtor could not have been found to have damaged Defendants.

Trustee's argument must fail. The parties chose to settle, not litigate, DiSario's Complaint. As such, the merits of the lawsuit, and whether or not Debtor would have been found liable, are not before this Court. In fact,

> [s]trong policy considerations favor the enforcement of settlement agreements. A negotiated compromise of a dispute avoids potentially costly, time-consuming

6

> litigation and preserves scarce judicial resources; courts could not function if every dispute devolved into a lawsuit. Moreover, there is a societal benefit in recognizing the autonomy of parties to shape their own solution to a controversy rather than having one judicially imposed … To constitute sufficient consideration, for example, a party need only have a good-faith belief in the merit of its position. *That the party's view of the law might ultimately prove meritless does not undermine the validity of the agreement* … Indeed, if the rule were otherwise, there would be little incentive to enter into a compromise."

*Denburg v. Parker Chapin Flattau & Kimpel*, 82 N.Y.2d 375, 383 (1993) (emphasis added) (internal citations omitted); *see In re 114 Tenth Ave. Ass'n*, 441 B.R. 416, 425 (S.D.N.Y. 2010); *C & D Dev., Inc. v. Sea Breeze Dev., LLC*, 60 A.D.3d 610, 611 (2d Dep't 2009). The time to raise questions as to the complaint's legal deficiencies was during the course of the state court litigation. However, instead of litigating the issue, the parties agreed to settle the case. It is improper for this Court to question the validity of the settlement agreement by now determining the underlying merits of DiSario's Complaint. Therefore, the issue of the legality of DiSario's complaint is irrelevant to this Court's instant decision, and Trustee's first argument fails.

Trustee's second argument, that Debtor did not receive the "reasonably equivalent value" for the transfer, must also fail. It is undisputed that Defendants gave Debtor and Breitenbach a release in exchange for the $10,000.00 transfer. In doing so, Defendants released Debtor and Breitenbach from the state court lawsuit and terminated the litigation. It is clear that "[f]orbearance from pursuing an action has been found by the New York courts to constitute adequate consideration for an obligation." *In re 114th Tenth Ave. Assoc., Inc.* 427 B.R. 283, 291 (Bankr. S.D.N.Y. 2010); *see Swimelar v. Baker (In re Baker)*, 604 F.3d 727, 732 (2d Cir. N.Y. 2010) (noting that "good-faith relinquishment of a cause of action, even one which proves to be unenforceable, constitutes valid consideration.") (*quoting Nolfi Masonry Corp. v. Lasker-Goldman Corp.*, 160 A.D.2d 186, 187, 553 N.Y.S.2d 156, 157 (1st Dep't 1990); *Joab Commercial Laundries, Inc. v. Reeder*, 159 A.D.2d 489, 490 (2d Dep't 1990). Here the parties

negotiated the terms of the settlement agreement in good faith. In fact Debtor and Breitenbach were represented by counsel in that negotiation and it was Defendants who were pro-se. Under the terms of the settlement, Debtor and Breitenbach received releases from the litigation and Defendants received $10,000.00. Those releases were the consideration that Defendants gave for the transfer. That Breitenbach used Debtor's funds, as opposed to his own, to fully satisfy the settlement amount does not negate the fact that both parties settled the lawsuit, and there was consideration given to both parties to the litigation.

Trustee is unable to satisfy the requirement under 11 U.S.C. § 548(a)(1)(B) that Debtor received "less than reasonably equivalent value in exchange" for the transfer to Defendants. As a result, Trustee's section 548(a)(1)(B) cause of action must fail.

## CONCLUSION:

Pursuant to the above findings of fact and conclusions of law, this Court finds that the Trustee has not met his burden in pursuit of this adversary proceeding. Therefore, Plaintiff's Complaint is dismissed.

So Ordered.

**Dated: Central Islip, New York**
**May 10, 2012**

**Dorothy Eisenberg**
**United States Bankruptcy Judge**